HAROLD OTIS PARKER V. STATE

No. 28,294. June 27, 1956.
Appellant's Motion for Rehearing Granted October 31, 1956.

*Howze & Howze,* Monahans, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a companion case to that of Roy Lee Sellers, No. 28293 this day decided, (page 560, this volume), appellant's punishment for the violation of Art. 1436b, Sec. 1, V.A.P.C., having been assessed at one and one-half years confinement in the penitentiary.

The evidence is in all respects similar to the companion case, Appellant Parker also having signed a confession which was introduced in evidence.

No question is presented on this appeal other than those decided against appellant's contention in the Sellers case.

The judgment is affirmed.

DAVIDSON, Judge, dissenting.

My dissent as recorded in the Sellers case, No. 28,293, this day delivered, (page 560, this volume) is adopted as my dissent here.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

This is a companion case to Sellers v. State, No. 28,293, this day decided, (page 560, this volume). The objectionable portion of the confession which was introduced in evidence over the appellant's objection in this case was as follows: "We mixed the mercury we got in Andrews County, Texas with the mercury we got in Lea County, New Mexico. We got the mercury from Lea County on the night of Sept. 28 or morning of Sept. 29, 1954."

The conclusion we have reached in the Sellers case is here controlling.

The appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge, dissenting.

As in the Roy Lee Sellers case, the ground for the granting of appellant's motion for rehearing is not one upon which the appeal was predicated according to the brief and motion for rehearing of appellant's experienced and able counsel.

My views are expressed in the majority opinion on original submission and in my dissent in the Sellers case.